## THE STATE ( *Hudson, Com.* ) *v.* GEORGE HEAD.

Under the act for the more effectual suppression of Drinking Houses and Tippling Shops, to sell liquor, and to keep liquor for sale, are distinct offences.

A conviction or an acquittal, upon a charge of selling, would not be a bar to a complaint for keeping for sale.

The same testimony upon which a conviction of a sale is obtained against a defendant, the government may introduce upon the trial of the same individual, charged with keeping for sale.

THIS was a motion for a new trial of an appeal from a judgment of the Court of Magistrates of the city of Providence, upon a complaint, charging that said Head, on the 2d of September, 1854, did keep or suffer to be kept on his premises or possessions or under his charge for the purpose of sale, ale, wine, &c., against the statute. At the trial in the Court of Common Pleas, Thomas J. Brown being offered as a witness for the government, to testify that a sale of liquor was made on the premises of the defendant on the 2d of September, 1854, the defendant's counsel objected to the testimony passing, on the ground that the same evidence had been given against the defendant on a trial of a complaint against him, for selling or suffering to be sold strong liquors contrary to law, and that the admission of the testimony would be

trying the defendant twice for the same offence. This objection the Court overruled, and the testimony was admitted. The counsel, furthermore, requested the Court to rule that the complaint could not be maintained, because the penalty for the offence charged, would be cumulative for the offence of selling or suffering to be sold. With this request the Court refused to comply. The defendant was found guilty, and upon his exceptions filed and allowed to these rulings of the Court, grounds the present motion.

*W. W. Updike* for the defendant.

*Robinson, Attorney General*, for the State.

STAPLES, C. J. From anything appearing in the report and exceptions in this case, Thomas J. Brown was a competent witness. The facts stated by him tended to prove the complaint against the defendant. That the witness had testified to the same facts in another complaint against this defendant, for another offence, to wit: for selling or suffering to be sold ale, wine, rum and other strong or malt liquors, is no reason why it should be excluded from the consideration of the jury on the trial of this complaint. There is no plea of autre fois acquit or autre fois convict filed in this case. For aught that appears, the other complaint, in which the witness was examined in relation to the same facts, is now pending: and if the pendency of that complaint would be no bar to the trial of this, even if for the same offence, much less does the giving of evidence in that case, render the witness incompetent or his testimony improper in this. But the two complaints against the defendant are

The State (Hudson, Com.) *v.* George Head.

not identical, and therefore a plea of autre fois acquit or convict, could not effectually be pleaded, even if the first had been prosecuted to sentence. The one charges a sale, the other the keeping for sale the same liquors. They are distinct offences under the statute, subjecting to different punishments. The evidence was rightly admitted, and the jury were rightly left to weigh it.

*Exception overruled.*